# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-3461

ANIMAL LEGAL DEFENSE FUND, a California non-profit organization,

    Plaintiff,

v.

ANIMAL AND PLANT HEALTH INSPECTION SERVICE, an agency within the United States Department of Agriculture,

    Defendant.

## COMPLAINT

### INTRODUCTION

1.    Plaintiff Animal Legal Defense Fund ("ALDF") brings this claim under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552 (2016), seeking judicial relief compelling the defendant Animal and Plant Health Inspection Service ("APHIS") to disclose information wrongfully withheld in response to a request made pursuant to FOIA.

2.    FOIA requires federal agencies to disclose information upon request unless the statute expressly prohibits disclosure, such as when the information falls under one or more of nine listed exemptions.  5 U.S.C. § 552(b).

3.      In 2019, APHIS partnered with the City of Denver in a controversial effort to reduce the Canada goose population in city parks.  The strategy employed consisted of rounding up the geese and their goslings during the molting season, when they are unable to fly, and transporting them by truck to a local processing plant for slaughter.  Park neighbors and wildlife enthusiasts watched the geese roundups in disbelief and distress, knowing that the animals were heading to a slaughterhouse.

4.      In response to animal welfare concerns, ALDF submitted a request under FOIA for documents related to the goose slaughter in order to gain a better understanding of why this particular strategy was chosen.  APHIS's response included a contract for the slaughter of the geese with key information redacted under FOIA Exemption 4.  In response, ALDF filed a timely administrative appeal.  As of the date ALDF filed this complaint, APHIS had not responded to this appeal.

5.      APHIS's improper withholding of information and failure to respond to ALDF's administrative appeal causes a concrete and on-going injury to ALDF's ability to obtain and use public information.

6.      ALDF seeks injunctive relief requiring the disclosure of the information improperly withheld by the defendant and a judicial declaration that APHIS violated FOIA.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B), as well as under 28 U.S.C. § 1331, because this action arises under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

8.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 upon information or belief that some or all of the agency records in question are located in this judicial district, and because a substantial part of the events or omissions giving rise to the claim occurred within this district.

**PARTIES**

9.     Plaintiff Animal Legal Defense Fund ("ALDF") is a California non-profit organization located at 525 East Cotati Avenue, Cotati, CA 94931.  ALDF's mission is to protect the lives and advance the interests of animals through the legal system.  In pursuit of its mission, ALDF files high-impact lawsuits to protect animals, offers free legal assistance and training to prosecutors fighting animal cruelty, supports animal protection legislation, and provides resources to law students and professionals to enhance animal law.  ALDF provides public education through seminars, workshops, and other outreach efforts and strongly values transparency in order to give the public an accurate understanding of animal welfare issues.  ALDF is harmed by APHIS's violations of FOIA because such violations prevent ALDF and the public from fully understanding the operations and activities of APHIS related to Denver geese slaughter.

10.    Defendant Animal and Plant Health Inspection Service ("APHIS") is an agency of the United States Department of Agriculture ("USDA") and is headquartered at 4700 River Road Riverdale, MD 20737.  APHIS Colorado Wildlife Services State Director is located at 12345 West Alameda Parkway, Suite 204, Lakewood, CO 80228.

11.    APHIS is in possession of the records ALDF seeks, and therefore, it is subject to FOIA as an "agency" within the meaning of 5 USC § 552(f)(1).

## LEGAL FRAMEWORK

12.     FOIA was created to help preserve our democratic society through the increased transparency and accountability it demands of federal executive branch agencies.  The statute allows for any individual to file a request for records from any of these organizations.  5 U.S.C. § 552(a)(3)(A).

13.     Upon receipt of a request, an agency must determine within 20 working days whether to disclose or withhold the requested information. The agency must then immediately notify the requestor of the decision.  5 U.S.C. § 552(a)(6)(a)(i)(I).  Under FOIA there is a strong presumption in favor of disclosure.  An agency may only withhold requested information under a narrow set of circumstances, such as when the agency reasonably foresees that disclosure would harm an interest protected by any of nine exemptions outlined in the statue.  5 U.S.C. § 552 (a)(8)(A)(i)(I).

14.     FOIA Exemption 4 permits an agency to withhold information that meets all three of the following criteria: (a) it is commercial or financial, (b) it is obtained from a person, and (c) it is privileged or confidential. 5 U.S.C. § 552(b)(4).

15.     FOIA does not define either "commercial" or "financial."  As such, the terms are given their ordinary meaning.  *Merit Energy Co. v. U.S. Dep't of Interior*, 180 F.Supp.2d 1184, 1188 (D. Colo. 2001).  Under FOIA a "person" is defined as "an individual, partnership, corporation, association, or public or private organization," but explicitly excluding federal agencies.  5 U.S.C. § 551(2).

16.     The Supreme Court recently addressed the "privileged or confidential" requirement, holding that in order to qualify as confidential, the information must, at a minimum, be

"customarily and actually treated as private by its owner." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019).

17.     When a request for records is denied in whole or in part, the requestor may make a timely appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). Upon receipt of the appeal, the agency must again make a determination within 20 working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

18.     The agency may extend the required time limits in one of only two ways. First, the agency may toll the 20-day period by issuing a request to the requestor for additional information or for clarification of issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(I-II). The receipt of the information or clarification ends the tolling period. 5 U.S.C. § 552(a)(6)(A)(ii)(II). Second, in certain unusual circumstances the agency may extend the required time period by providing written notice to the requestor, which must include both the reason for the delay and a new date on which determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B)(i).

19.     FOIA allows for judicial review after the requestor has exhausted all administrative remedies, which generally requires both agency denial of the initial FOIA request and agency denial of a subsequent FOIA appeal. A "constructive" exhaustion of remedies occurs when the agency fails to respond within the applicable time limit provisions. 5 U.S.C. § 552 (a)(6)(C)(i). In either case, the Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

20.     The court determines the matter de novo, and the agency "bears the burden to sustain its action."  5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

### Goose Culling Overview

21.     On May 28, 2019, APHIS Colorado Wildlife Services posted a notification for the slaughter and processing of Canada geese in Colorado in an effort to decrease the number of birds in Denver city parks.  This effort sparked news stories and public concern regarding animal welfare and cruelty.

22.     In May, 2019, APHIS announced its intention to issue the contract to RC Wildgame Custom Processing ("RC"), a sole proprietorship established by Colorado resident Russell Spence, located at 2520 W. County Rd. 60E, Fort Collins, CO 80524.

23.     Under the proposed contract, APHIS would deliver live Canada geese to the processing facility one to five days per week from about June 15 - July 15.  The facility was to slaughter the geese and goslings, cut out the breast meat, and dispose of the rest of the carcass.

24.     In July 2019, the Order for Supplies or Services was issued to Russell Spence and in August 2019, APHIS and Russell Spence entered into a contractual agreement.  The co-signee and the designated recipient of invoices related to the contract are located in APHIS Wildlife Services Colorado State Office in Lakewood, CO.

24.     The 2019 Draft Environmental Assessment for statewide bird culling activities indicates APHIS Wildlife Services Colorado State Office holds the contract for the capture and slaughter of Canada geese in Denver city parks.

**ALDF's FOIA Request**

25. On November 4, 2019, ALDF submitted its FOIA Request via USDA's FOIA public access website, https://efoia-pal.usda.gov/. ALDF requested records dated between January 1, 2017 and November 4, 2019, including records of contracts between APHIS and RC, as well as records of contracts between APHIS and Russell Spence. ALDF's request included "all addenda, annexures, appendices, attachments, exhibits, schedules, and supplements" within those contracts.

26. On November 4, 2019 at 10:41 AM, APHIS's FOIA Service Center sent an email acknowledging receipt of ALDF's FOIA request and assigned the Control Number 2020-APHIS-00589-F.

27. ALDF received APHIS's final response on December 10, 2019. APHIS's final response included nine pages of records, which included an "Order for Supplies or Services" section, a "Statement of Work" section, and an additional clauses section. APHIS released seven pages in full and two in part, redacting the quantity, unit, and unit price from the "Order for Supplies and Services" section and the quantity from the "Statement of Work" section, allegedly pursuant to 5 U.S.C. § 552 (b)(4) ("Exemption 4").

28. On March 5, 2020, on behalf of ALDF, the Environmental Law Clinic at the University of Denver Sturm College of Law ("The Clinic") submitted a FOIA Appeal via electronic mail to APHIS pursuant to 7 C.F.R. § 1.9. The Appeal explained why APHIS's decision to withhold quantity, unit, and unit prices was unlawful under Exemption 4. The Clinic received receipt confirmation and an estimated response date of April 2, 2020.

29. When they did not receive any contact from the agency by the April 2, 2020 deadline, the Clinic reached out to the FOIA officer via telephone. The officer told them the Appeal was number 20 in a queue of 21 appeals and the new expected response date had been pushed to May 30, 2020.

30. On April 27, 2020, the Clinic updated contact information with the agency and the agency sent confirmation of the change later that same day. This was the final communication received from the agency.

31. APHIS has not responded to ALDF's appeal letter, provided ALDF any documents, or provided an estimate date on which it will complete any action. APHIS has also failed to take either of the two actions outlined in FOIA for extending the required response time.

## **STATEMENT OF CLAIMS**

### **Claim I: Violation of FOIA (5 U.S.C. § 552(a)(3)(A)) by improperly invoking Exemption 4**

32. ALDF realleges and incorporates by reference all preceding paragraphs.

33. APHIS is a federal agency subject to FOIA.

34. The portions of records that APHIS withheld are agency records within the meaning of 5 U.S.C. § 552.

35. The portions of records that APHIS withheld are not exempt from release under FOIA Exemption 4 because APHIS has not demonstrated those records are "commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

36. The portions of records withheld are not "confidential" within the meaning of Exemption 4 because the information is not "customarily and actually treated as private by its owner" as required by *Argus*. *Argus*, 139 S. Ct. 2366.

37. APHIS improperly withheld the portions of records by redacting these portions of records even though these records are not subject to FOIA Exemption 4.

**Claim II: Violation of FOIA (5 U.S.C. § 552(a)(6)(A)(ii)) by failing to timely respond to the administrative appeal**

38. ALDF realleges and incorporates by reference all preceding paragraphs.

39. APHIS is a federal agency subject to FOIA.

40. APHIS improperly withheld the portions of these records by failing to respond to ALDF's administrative appeal within the twenty working days required by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

41. ALDF has a statutory right under FOIA to the portions of records that APHIS withheld under Exemption 4 and ALDF is entitled to judicial review of APHIS's failure to promptly release these records. 5 U.S.C. § 552(a)(4)(B).

42. ALDF constructively exhausted its administrative remedies by filing a timely appeal, to which APHIS has not responded. 5 U.S.C. § 552(a)(6)(C)(i).

**PRAYER FOR RELIEF**

43. WHEREFORE, ALDF prays that this Court:

44. Order APHIS to immediately disclose to ALDF all portions of the records sought in this action.

45. Declare that APHIS's failure to disclose the requested portions of the records is unlawful under FOIA, 5 U.S.C. § 552(a)(3)(A).

46. Declare that APHIS's failure to timely make a determination on ALDF's administrative appeal is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

47. Award ALDF its reasonable costs, litigation expenses, and attorneys' fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. § 2412, and all other applicable authorities; and

48. Grant all other relief the Court deems just and proper.

Respectfully submitted this 23rd day of November, 2020.

/s/ Sarah Matsumoto
Sarah Matsumoto, CO Bar No. 52169
Kevin Lynch, CO Bar No. 39873
Environmental Law Clinic
University of Denver Sturm College of Law
2255 E. Evans Avenue
Denver, CO 80208
Telephone: (303) 871-6753
E-mails:   smatsumoto@law.du.edu
           klynch@law.du.edu

*Attorneys for Plaintiff Animal Legal Defense Fund*